**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **VICTORIA SOBOLESKI,** on behalf of herself and others similarly situated, | Case No. 2:26-cv-11195-LVP-KGA |
| **Plaintiff,** | District Judge: Hon. Linda V. Parker |
| **v.** | Mag. Judge: Hon. Kimberly G. Altman |
| **EARTH PROTECT LLC,** | |
| **Defendant.** | |

### DEFENDANT EARTH PROTECT LLC'S
### MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Defendant Earth Protect LLC ("Earth Protect") hereby moves to dismiss Count I of the Complaint (ECF No. 1) filed by Plaintiff Victoria Soboleski with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  As demonstrated in the brief in support that follows, Count I, purporting to allege a violation of 47 U.S.C. § 227(c)(5), fails as a matter of law under a plain reading of the statute, since Section 227(c)(5) does not apply to text messages.

### L.R. 7.1 STATEMENT OF CONFERRAL

Pursuant to L.R. 7.1(a)(1), on June 9, 2026, counsel for Defendant sought Plaintiff's consent to the relief sought in this Motion.  Counsel for Defendant explained the nature of the requested relief and the legal bases for same.  Plaintiff's

counsel indicated Plaintiff opposes this Motion.

      Dated: June 15, 2026

                            Respectfully submitted,
                            GORDON REES SCULLY
                            MANSUKHANI, LLP

                            By: /s/ Luke D. Wolf
                                Luke D. Wolf (P81932)
                                37000 Woodward Avenue, Suite 225
                                Bloomfield Hills, MI 48304
                                (313) 756-6404 | (313) 406-7373 (fax)
                                lwolf@grsm.com
                                Counsel for Defendant

2

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**VICTORIA SOBOLESKI,**
on behalf of herself and others
similarly situated,

      **Plaintiff,**

**v.**

**EARTH PROTECT LLC,**

      **Defendant.**

**Case No. 2:26-cv-11195-LVP-KGA**

District Judge: Hon. Linda V. Parker

Mag. Judge: Hon. Kimberly G. Altman

**<u>BRIEF IN SUPPORT OF DEFENDANT EARTH PROTECT, LLC'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)</u>**

## STATEMENT OF ISSUES PRESENTED

1.      Should the Court dismiss Count I of the Complaint (ECF No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because text messages are not telephone calls pursuant to 47 U.S.C. § 227(c)(5) and, as a result, Plaintiff fails to allege more than one call within a twelve-month period pursuant to Section 227(c)(5)?

**Defendant's Answer:** YES.

**Plaintiff's Answer:** NO.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270 (N.D. Fla. 2025)
- *In re Sofamor Danek Group, Inc.*, 123 F.3d 394 (6th Cir. 1997)
- *James v. Smarter Contact, Inc*., -- F. Supp. 3d --, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026)
- *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894 (C.D. Ill. 2025)
- *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)
- *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025)
- *Radvansky v. 1-800-Flowers.com, Inc.*, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026)
- *Radvansky v. Kendo Holdings, Inc.*, 2026 WL 810929 (N.D. Ga. Feb. 12, 2026)
- *Richards v. Fashion Nova, LLC*, 2026 WL 847568 (S.D. Ind. Mar. 26, 2026)
- *Richards v. Shein Distrib. Corp.*, 2026 WL 847584 (S.D. Ind. Mar. 26, 2026)
- *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220 (2014)
- *Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025)
- *Stockdale v. Skymount Prop. Gr., LLC*, 2026 WL 591842 (N.D. Ohio Mar. 3, 2026)
- *Wilson v. Tradercodes, LLC*, Civ. No. 1:25-cv-03211, Sl. Op. (Doc. 33) (N.D. Ga. Mar. 17, 2026)

**Statutes and Regulations**

- 47 U.S.C. § 227

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES PRESENTED...............................................................ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ..........................iii

INTRODUCTION ...................................................................................................1

ARGUMENT...........................................................................................................2

    I.      Federal Rule of Civil Procedure 12(b)(6) Standard. ............................2

    II.    Under Principles of Statutory Interpretation Required by *Loper Bright* and *McLaughlin*, Section 227(c)(5) Does Not Cover Text Messages. .......................................................................................3

          A.    A Statute Must Be Interpreted According To Its Plain Meaning...................................................................................4

          B.    Consistent With Recent Supreme Court Precedent, Courts Have Recently Held That Section 227(c)(5) Does Not Apply To Text Messages........................................................5

          C.    The Text of Section 227(c)(5) Makes No Reference to Text Messages. .........................................................................7

          D.    The Text of Section 227(c)'s Implementing Regulations Makes No Reference to Text Messages..................................10

          E.    It is the Role of Congress, Not Courts, to Extend the TCPA to New Technologies. ................................................11

    III.   A Single Remaining Call Fails to Satisfy Section 227(c). .................11

CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................2, 3

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*,
   467 U.S. 837 (1984).....................................................................................................1

*Davis v. CVS Pharmacy, Inc.*,
   797 F. Supp. 3d 1270 (N.D. Fla. 2025) ......................................................................6

*James v. Smarter Contact, Inc.*,
   -- F. Supp. 3d --, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026) ................................5

*Jimenez v. Quarterman*,
   555 U.S. 113 (2009).....................................................................................................7

*Jones v. Blackstone Med. Servs., LLC*,
   792 F. Supp. 3d 894 (C.D. Ill. 2025).....................................................................1, 6, 8, 9

*Keating v. Peterson's Nelnet, LLC*,
   615 F. App'x 365 (6th Cir. 2015)............................................................................8, 9

*Loper Bright Enters. v. Raimondo*,
   603 U.S. 369 (2024).......................................................................................1, 3, 4, 10

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
   606 U.S. 146 (2025).................................................................................................1, 3, 4

*Morgan v. Church's Fried Chicken*,
   829 F.2d 10 (6th Cir. 1987)..........................................................................................3

*Perrin v. United States*,
   444 U.S. 37 (1979)........................................................................................................4

*Radvansky v. 1-800-Flowers.com, Inc.*,
   2026 WL 456919 (N.D. Ga. Feb. 17, 2026) ...............................................................5

*Radvansky v. Kendo Holdings, Inc.*,
  2026 WL 810929 (N.D. Ga. Feb. 12, 2026) ......................................................6

*Richards v. Fashion Nova, LLC*,
  2026 WL 847568 (S.D. Ind. Mar. 26, 2026)......................................................5

*Richards v. Shein Distrib. Corp.*,
  2026 WL 847584 (S.D. Ind. Mar. 26, 2026)......................................................5

*Sandifer v. U.S. Steel Corp.*,
  571 U.S. 220 (2014)..........................................................................................4

*Sayed v. Naturopathica Holistic Health, Inc.*,
  2025 WL 2997759 (M.D. Fla. Oct. 24, 2025) ...................................................6

*In re Sofamor Danek Group, Inc.*,
  123 F.3d 394 (6th Cir. 1997)............................................................................3

*Stockdale v. Skymount Prop. Gr., LLC*,
  2026 WL 591842 (N.D. Ohio Mar. 3, 2026) ............................................*passim*

*United States v. Choice*,
  201 F.3d 837 (6th Cir. 2000)............................................................................9

*Wilson v. Tradercodes, LLC*,
  Civ. No. 1:25-cv-03211, Sl. Op. (ECF No. 33) (N.D. Ga. Mar. 17,
  2026) ................................................................................................................6

## Statutes

47 U.S.C. § 227(a) .................................................................................................8

47 U.S.C. § 227(a)(4)..............................................................................................9

47 U.S.C. § 227(b) ...............................................................................................10

47 U.S.C. § 227(c) .........................................................................................*passim*

47 U.S.C. § 227(c)(1)(D) .......................................................................................7

47 U.S.C. § 227(c)(5)......................................................................................*passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................*passim*

Fed. R. Civ. P. 12(c) ......................................................................................6

**Other Authorities**

47 C.F.R. § 64.1200(a)...............................................................................10

47 C.F.R. § 64.1200(a)(9) ..........................................................................10

47 C.F.R. § 64.1200(c).............................................................................7, 9

47 C.F.R. § 64.1200(c)(2) ............................................................................9

47 C.F.R. § 64.1200(c)(2)(iii) ......................................................................7

47 C.F.R. § 64.1200(d) ......................................................................7, 9, 10

## INTRODUCTION

Plaintiff's first cause of action in this case is for alleged violations of 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act of 1991 ("TCPA"), based on allegations that Defendant sent Plaintiff unsolicited marketing text messages while Plaintiff's cellphone number was registered on the National Do-Not-Call Registry. *See* Compl. (ECF No. 1), ¶¶ 9, 13-15, 74. Under principles of statutory construction required by the U.S. Supreme Court's recent decisions in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 155 (2025) and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024), overruling *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), Section 227(c)(5) of the TCPA does not apply to text messages. As such, Plaintiff's cause of action under Section 227(c)(5) must be dismissed.

The Northern District of Ohio and several other courts have applied *McLaughlin* and *Loper Bright* and reached this same conclusion, dismissing claims under Section 227(c)(5) involving text messages at the pleading stage. *See Stockdale v. Skymount Prop. Gr., LLC*, 2026 WL 591842, at *2 (N.D. Ohio Mar. 3, 2026) ("[T]his Court joins several others in holding that the term 'telephone call' as used in Section 227(c)(5) of the TCPA does not encompass 'text messages.'"; dismissing TCPA complaint under Rule 12(b)(6)); *see also Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025) ("Pursuant to *McLaughlin* and *Loper*

1

*Bright*, the Court agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages."). This Court should follow these well-reasoned decisions and dismiss Count I with prejudice, as Section 227(c)(5), on its face, does not apply to text messages.

Plaintiff also identifies a single voicemail that she allegedly received (*see* Compl. (ECF No. 1), ¶¶ 22-25), but that voicemail is insufficient. To state a claim under Section 227(c)(5), Plaintiff must plead facts showing that she received "*more than one telephone* call within any 12–month period" from Defendant Earth Protect. 47 U.S.C. § 227(c)(5). Accordingly, Count I should be dismissed with prejudice for this additional reason.

## ARGUMENT

### I.      Federal Rule of Civil Procedure 12(b)(6) Standard.

Under Rule 12(b)(6), dismissal is warranted when the plaintiff's complaint fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A plausible claim need not contain "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. The Court need not accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Further, a cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Twombly*, 550 U.S. at 564.

II.   **Under Principles of Statutory Interpretation Required by *Loper Bright* and *McLaughlin*, Section 227(c)(5) Does Not Cover Text Messages.**

Count I of Plaintiff's Complaint alleges a violation of Section 227(c)(5) based on Plaintiff's contention that Earth Protect sent marketing text messages without consent to her cellphone number while it was listed on the Do-Not-Call Registry. Compl. (ECF No. 1) ¶¶ 9, 13-15, 35-36, 74. Section 227(c)(5), however, only permits a cause of action for "telephone call[s]." 47 U.S.C. § 227(c)(5). This conclusion is compelled by recent Supreme Court decisions which have "redefined how courts consider agency guidance when interpreting statutes." *Stockdale,* 2026 WL 591842, at *2 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025)).

3

### A.    A Statute Must Be Interpreted According To Its Plain Meaning.

According to its plain and contemporary meaning, Section 227(c) cannot be interpreted to and does not govern text messages, despite prior contradictory FCC guidance.  As the U.S. Supreme Court recently explained:

> In an enforcement proceeding, a district court must independently determine for itself whether the agency's interpretation of a statute is correct.  District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.

*McLaughlin*, 606 U.S. at 155 (citing *Loper Bright*, 603 U.S. at 402).  Further, it is not for a court to legislate by reading into the TCPA something that is not there:

> Congress expects courts to do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch.  And to the extent that Congress and the Executive Branch may disagree with how the courts have performed that job in a particular case, they are of course always free to act by revising the statute.

*Loper Bright*, 603 U.S. at 403.  Applying statutory interpretation principles, a court must instead start with the express language chosen by Congress contained in the statute to ascertain its plain meaning.  *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 227 (2014) (when words are not defined in a statute, they are "'interpreted as taking their ordinary, contemporary, common meaning.'") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

4

**B.** **Consistent With Recent Supreme Court Precedent, Courts Have Recently Held That Section 227(c)(5) Does Not Apply To Text Messages.**

Following *McLaughlin* and *Loper Bright*, "[c]ourts around the country are split" as to whether text messages are "telephone calls" under Section 227(c)(5). *See Stockdale*, 2026 WL 591842, at *2. The better reasoned decisions hold that, under the plain language of the statute, Section 227(c)(5) does not cover text messages. *See Stockdale*, 2026 WL 591842, at *2 ("[T]his Court joins several others in holding that the term 'telephone call' as used in Section 227(c)(5) of the TCPA does not encompass 'text messages.'"; dismissing TCPA complaint under Rule 12(b)(6)); *James v. Smarter Contact, Inc.*, -- F. Supp. 3d --, 2026 WL 879244, at *5, *3-*4 (M.D. Fla. Mar. 31, 2026) (dismissing TCPA complaint with prejudice "[b]ecause Section 227(c)(5) does not apply to text messages."); *Richards v. Fashion Nova, LLC*, 2026 WL 847568, at *5 (S.D. Ind. Mar. 26, 2026) ("Because the Court conclude[s] that 'telephone call' under § 227(c)(5) of the TCPA does not include text messages, [Plaintiff] fails to state a claim, and Defendants motion to dismiss must be granted."); *Richards v. Shein Distrib. Corp.*, 2026 WL 847584, at *5 (S.D. Ind. Mar. 26, 2026) (same); *Radvansky v. 1-800-Flowers.com, Inc.*, 2026 WL 456919, at *5 (N.D. Ga. Feb. 17, 2026) ("The Court agrees with the decisions in this Circuit concluding that the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages."; dismissing TCPA complaint under Rule 12(b)(6));

5

*Radvansky v. Kendo Holdings, Inc.*, 2026 WL 810929, at *3 (N.D. Ga. Feb. 12, 2026) ("because the Court finds that text messages do not fall within the term 'telephone call' under Section 227(c)(5), Plaintiff's claim fails as a matter of law."; granting judgment on the pleadings in favor of defendant under Rule 12(c) and dismissing TCPA complaint with prejudice); *Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) ("'the statutory text here is clear, and a text message is not a 'telephone call.'"; dismissing TCPA complaint under Rule 12(b)(6)) (quoting *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025)); *Davis*, 797 F. Supp. 3d at 1273, 1275-76 (same; dismissal with prejudice); *Wilson v. Tradercodes, LLC*, Civ. No. 1:25-cv-03211, Sl. Op. (ECF No. 33) at 5-6 (N.D. Ga. Mar. 17, 2026) ("The Court agrees with the other courts in this circuit that under the plain language of the statute, transmissions of text messages do not create a cause of action under § 227(c)(5)."; granting defendant judgment on the pleadings under Rule 12(c) and dismissing TCPA complaint with prejudice); *Jones,* 792 F. Supp. 3d at 899 ("Pursuant to *McLaughlin* and *Loper Bright*, the Court agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages.").

Applying statutory interpretation principles, the Northern District of Ohio recently held that, under a plain reading of the TCPA, Section 227(c)(5) does not

6

extend to text messages. *Stockdale*, 2026 WL 591842, at *2. This Court should do the same and dismiss Count I of Plaintiff's Complaint.

### C.    The Text of Section 227(c)(5) Makes No Reference to Text Messages.

The decisions referenced above are grounded in proper application of statutory interpretation principles. The phrases "text message" and "SMS message" are wholly absent from Section 227(c)(5) and its implementing regulations, 47 C.F.R. § 64.1200(c) and (d). Indeed, only "call", "telephone call", and "artificial or prerecorded-voice telephone call" appear in Section 227(c) and its implementing regulations. 47 U.S.C. §§ 227(c)(1)(D), (c)(5); 47 C.F.R. § 64.1200(c)(2)(iii), (d).

Section 227(c)(5) provides for a private right of action by "[a] person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)] ...." 47 U.S.C. § 227(c)(5) (emphasis added). Section 227(c)(5) simultaneously explicitly refers to a "telephone call," a term not defined in the statute itself, and remains silent as to its application to text messages. *See Stockdale*, 2026 WL 591842, at *2 ("The TCPA does not define 'telephone call' as used in Section 227(c)(5)."). Therefore, the term "telephone call" must be understood as it was commonly used in 1991 when the statute was enacted. *See id.* at *3 ("The Court starts with the plain meaning of 'telephone call' at the time Congress enacted the TCPA.") (citing *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009)).

7

The plain meaning of "telephone call" at the time the TCPA was enacted confirms that it could not have applied to text messages.  The Northern District of Ohio recently considered the meaning of the phrase, concluding that:

> In 1990, Webster's Dictionary defined the noun 'call' as 'the act of calling on the telephone' and 'telephone' as 'an instrument for reproducing sounds at a distance ... 'one in which sound is converted into electrical impulses for transmission by wire.'  Merriam-Webster New Collegiate Dictionary (9th ed. 1990).

*Stockdale*, 2026 WL 591842, at \*3.  As the *Stockdale* court correctly held, "'telephone call' could not include modern-day text messages because text messages do not use a telephone to reproduce sounds at a distance." *Id.*

Additionally, as the Sixth Circuit has noted in a case involving the term "call" under a separate provision of the TCPA (Section 227(b)), text messaging was not an available technology in 1991 when the TCPA was enacted, so the TCPA did not cover it:

> It is clear that Congress did not address, or even intend to address, the treatment of text messages when considering and passing the TCPA.  In fact, the first text message was not sent until December 3, 1992, almost a full year *after* the December 20, 1991, enactment of the TCPA.

*Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 370 (6th Cir. 2015) (emphasis original)[1]; *see also Jones*, 792 F. Supp. 3d at 899 ("[t]ext messaging was not an

---

[1] While *Keating* concluded that the term "call" in Section 227(b) of the TCPA, which is not at issue in Count I here, included text messages, *Keating* relied on an FCC decision from 2003 – twelve years after the enactment of the TCPA – under *Chevron*

*(Footnote continued on the next page)*

8

available technology in 1991, and thus 'telephone call' would not have included text messages or SMS messages."). Under its contemporary, 1991 meaning, the term "telephone call" does not include text messages.

Further, as *Jones* explained, the appearance of the term "telephone solicitation" elsewhere in the statute does not change the fact that, in 1991, "telephone call or message" could not include a text message:

> The fact that "telephone solicitation" appears in Section 227(c) and is defined earlier in Section 227(a) to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" does not change the plain meaning analysis. 47 U.S.C. § 227(a)(4). Section 227(a)(4) does not refer to "text message"; "telephone call or message" could not be interpreted in 1991 to telephone call or *text* message, contrary to the Plaintiffs' footnoted suggestion. Again, a statute's words are given their common meaning as of the time the statute was enacted.

*Jones*, 792 F. Supp. 3d at 900 (emphasis original).

In sum, both the plain statutory language and the ordinary meaning of "telephone call" confirm that Section 227(c)(5) does not apply to text messages. "Where, as here, the language of the statute is clear, the Court's analysis stops." *Stockdale*, 2026 WL 591842, at *4 (citing *United States v. Choice*, 201 F.3d 837,

---

to reach that conclusion. *Id.* ("Thus, because Congress could not have addressed the relevant issue upon passage of the TCPA, we must defer to the reasonable interpretation of the Act offered by the FCC in its 2003 guidance."). With *Chevron* now overruled by *Loper Bright*, and as explained above, courts are required to independently interpret the plain language of a statute using the ordinary, contemporary meaning of the statute's terms.

840 (6th Cir. 2000)) ("The language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear."). For this reason alone, Count I should be dismissed.

### D. The Text of Section 227(c)'s Implementing Regulations Makes No Reference to Text Messages.

While the Court's analysis stops with the plain language of the statutory text, the implementing regulations for Section 227(c) further confirm the plain language conclusion. Specifically, 47 C.F.R. § 64.1200(c), provides in relevant part:

> No person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200(c)(2). Another implementing regulation for Section 227(c), 47 C.F.R. § 64.1200(d), provides in relevant part:

> No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d). Neither Section 227(c) nor its implementing regulations contain any language suggesting that text messages fall within its scope.

By contrast, the FCC clearly indicated its intent to regulate text messages or SMS messages under 47 C.F.R. § 64.1200(a), which was implemented *in 2021*, and

10

only under Section 227(b), *not* Section 227(c), the provision of the statute implicated by Count I in Plaintiff's Complaint here.  47 C.F.R. § 64.1200(a)(9) ("As used in this paragraph (a)(9), the term 'call' includes a text message, including a short message service (SMS) call.").

Because the plain language of Section 227(c)'s implementing regulations do not cover text messages, Earth Protect's motion to dismiss Count I under Rule 12(b)(6) must be granted with Count I dismissed with prejudice for this additional reason.

### E.     It is the Role of Congress, Not Courts, to Extend the TCPA to New Technologies.

Finally, as the Supreme Court emphasized in *Loper Bright*, it is not for courts to legislate by reading into a statute what Congress did not include. *Loper Bright*, 603 U.S. at 403; *see also Stockdale,* 2026 WL 591842, at *4 (noting that it is the responsibility of Congress to "fill [the] gaps" between FCC agency interpretations, court decisions, and congressional intent following the overruling of *Chevron*).  That principle applies with full force here.  If Congress believes the TCPA should reach modern text messaging practices under Section 227(c), it is free to amend the statute. But as written and enacted in 1991, the statute does not include text messages—and this Court should not rewrite it to say otherwise.

### III.    A Single Remaining Call Fails to Satisfy Section 227(c).

Without the text messages to rely upon for Count I, Plaintiff is left with the

identification of a single alleged voicemail.  This alleged voicemail cannot support a claim under Section 227(c)(5), because Plaintiff is required to plead receipt of "*more than one* telephone call within any 12–month period" to state a cognizable claim.  47 U.S.C. § 227(c)(5) (emphasis added).  As such, Count I must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Count I must be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: June 15, 2026    Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Luke D. Wolf
  Luke D. Wolf (P81932)
  37000 Woodward Avenue, Suite 225
  Bloomfield Hills, MI 48304
  (313) 756-6404 | (313) 406-7373 (fax)
  lwolf@grsm.com
  Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2026, the foregoing Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Brief in Support was filed with the Court Clerk via the Court's CM/ECF Case Management Electronic Case Filing System, which automatically serves the foregoing on all counsel of record in this matter.

By: /s/ Luke D. Wolf
Luke D. Wolf (P81932)
Gordon Rees Scully Mansukhani, LLP

13